UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| NICOLE CICI, | ) |
| | ) |
|    Plaintiff, on behalf of herself | ) |
|    and all others similarly situated, | ) |
| | ) |
| vs. | )   Case No. 19-2196 |
| SHELBY COUNTY, | )   JURY DEMANDED |
| CITY OF MEMPHIS, and | ) |
| THE DOWNTOWN MEMPHIS | ) |
| COMMISSION | ) |
| | ) |
|    Defendants. | ) |

## CLASS ACTION COMPLAINT

COMES NOW the Plaintiff, Nicole Cici, on behalf of herself and all others similarly situated, by and through her attorneys of record, Wells & Associates, PLLC, and John P. Pritchard, and for this her Class Action Complaint and against the Defendants, states as follows:

### I. PARTIES, JURISDICTION AND VENUE

1. Plaintiff Nicole Cici is a citizen and resident of Desoto County, Mississippi.

2. Shelby County is a county in the State of Tennessee, with a county seat of Memphis, TN and its Mayor being Lee Harris, with offices located at the Vasco A. Smith County Administration Building, 160 N. Main Street, Memphis, TN 38103.

3. The City of Memphis is a municipality in the State of Tennessee, with its Mayor being Jim Strickland and having its offices located at Memphis City Hall, 125 N. Main St., Memphis, TN 38103.

4. The Downtown Memphis Commission was created by Shelby County and City of

Memphis ordinances. Its office is located at 114 North Main Street, Memphis, TN 38103. Its President is Jennifer Oswalt and the Chairman of the Board is Deni Reilly.

5. All or part of the wrongful conduct and/or transactions described herein originated in the State of Tennessee and, more specifically, in this District, where Defendants maintain their principal places of business and the citations were issued.

6. Jurisdiction is proper in this Court pursuant to 28 U.S.C. 1331 as this cause arises from violations of rights under 42 U.S.C. §1983. The Court has supplemental jurisdiction over the related state law claims.

7. Since certain Defendants reside in this District and the wrongful acts occurred in this District, venue is proper in this District under 28 U.S.C §1391.

## II. FACTUAL ALLEGATIONS

8. The Downtown Memphis Commission Board is comprised of 10 private-sector members appointed by the county and city mayors and approved by the City Council and County Commission, a city mayor representative, a county mayor representative, a city council member, a county commissioner, and two state legislators. https://www.downtownmemphiscommission.com/boards/dmc-board/

9. Shelby County Ordinance Sec. 32-153 provides: Enforcement of any power or authority granted the commission under this article or as mall management agency of district no. I or district management corporation of district no. II or any rules and regulations issued by the commission pursuant to such authority shall be delegated by the commission to any employee of the commission staff, who may obtain a summons through the city municipal court, and also to any city police officer, who may issue summons or misdemeanor citation or effect a physical arrest for violations.

In addition to the remedies provided herein, the commission may issue an order requiring any violator to cease or suspend the facility causing such violation and/or initiate court proceedings to enjoin such violation.

10. City of Memphis Ordinance Sec 2-84-13 provides: Enforcement of any power or authority granted the commission under this chapter or as mall management agency of District I or district management corporation of District II or any rules or regulations issued by the commission pursuant to such authority shall be delegated by the commission to any employee of the commission staff, who may obtain a summons through the city municipal court, and also to any city police officer, who may issue a summons or misdemeanor citation or effect a physical arrest for violations. In addition to the remedies provided herein, the commission may issue an order requiring any violator to cease or suspend the facility causing such violation and/or initiate court proceeding to enjoin such violation.

11. The City of Memphis, on its own website, defines a citation as "a parking ticket that should be paid within 15 days after receipt." It goes on to state "If the ticket is not paid within 15 days after receipt, the violator must appear in court on the scheduled court date on the bottom of the ticket and additional costs may be assessed. Any vehicle that has three or more unpaid citations issued against it is subject to booting, towing, and/or impoundment until all the tickets (citations and summons) are paid for that vehicle. Late fees are assessed on unpaid citations. Any citation ticket unpaid 60 days after the issue date will incur a $20 late fee. If the ticket remains unpaid 90 days after the issue date it will incur an additional $40 late fee for a total of $60 in late fees as of the 90th day."

https://memphistn.gov/cms/one.aspx?pageId=12090862

12. The City of Memphis defines a summons as "a ticket issued by an officer to a violator and signed by the violator. Unless the ticket is marked mandatory." The City's website explains "If the ticket is not paid within 10 days of the court date, the violator must appear in court on the scheduled court date on the bottom of the ticket and additional costs may be assessed. Failure to pay a default judgment within 30 days may result in the suspension of the violator's driver's license." See link ¶13.

13. The City defines an ordinance summons as "a ticket issued for ordinance violations other than traffic offenses and requires a mandatory court appearance." See link ¶13.

14. The City of Memphis and Shelby County Ordinances provide employees of the Downtown Memphis Commission the authority to obtain a summons through the city municipal court only.

15. The Ordinances do not provide the employees of the Downtown Memphis Commission the authority to issue or write tickets, in particular here, parking tickets. That authority is reserved for officers of the Memphis Police Department.

16. Downtown Memphis Commission employees receive ticket books from the Memphis City Court Clerk's office. *See City of Memphis Response to Appellant's Statement of Undisputed Material Facts in Support of Motion for Summary Judgment and Statement of Additional Undisputed Facts Proffered by Appellee* ¶ 1, CT-003469-16, Circuit Court of Tennessee for the Thirtieth Judicial District.

17. Despite having no authority to issue or write parking tickets, employees of the Downtown Memphis Commission regularly issue and write parking tickets in the downtown Memphis area.

18. The City of Memphis has admitted that Downtown Memphis Commission employees issue tickets in the Downtown Memphis area. *See City of Memphis Response to Appellant's Statement of Undisputed Material Facts in Support of Motion for Summary Judgment and Statement of Additional Undisputed Facts Proffered by Appellee* ¶ 1, 2, CT-003469-16, Circuit Court of Tennessee for the Thirtieth Judicial District.

19. The parking tickets require those receiving them to pay the fines outlined above, have their vehicle impounded, or potentially forfeit their driver's license.

20. Plaintiff, and the other members of the class as described below, received such a parking ticket issued and written by an employee of the Downtown Memphis Commission.

21. Plaintiff, and other members of the class as described below, have incurred fines and damages due to the parking tickets issued and written by employee of the Downtown Memphis Commission.

22. The Downtown Memphis Commission employees acted through, though in excess of, the power granted to them by the Downtown Memphis Commission, the City of Memphis, and Shelby County.

23. It is the practice, policy, and/or custom of the Downtown Memphis Commission and its employees for employees to issue and write parking tickets.

24. The City of Memphis has adopted, ratified, and/or defended the practice, policy, and/or custom of the employees of the Downtown Memphis Commission and the Downtown Memphis Commission.

25. The City of Memphis has asserted in court filings that the employees of the

Downtown Memphis Commission and the Downtown Memphis Commission are authorized to issue parking tickets, despite the language of the ordinances. *See City of Memphis's Response to Motion for Summary Judgment*, CT-003469-16, Circuit Court of Tennessee for the Thirtieth Judicial District.

26. Shelby County has adopted and/or ratified the practice, policy, and/or custom of the employees of the Downtown Memphis Commission and the Downtown Memphis Commission.

27. Plaintiff and those similarly situated seek all available damages, including compensatory, punitive, and statutory damages, including out of pocket expenses as outlined herein, attorneys' fees, and expenses in pursuing this litigation, in an amount to be determined by a jury and the Court.

28. Upon information and belief, the Plaintiff states that each of the Defendants has enjoyed significant financial revenues based on the improper issuance of parking ticket by the Downtown Memphis Commission employees.

29. The Defendants have been unjustly enriched.

### III. CLASS ACTION ALLEGATIONS

30. The allegations of Paragraphs 1-29 hereinabove are reiterated and incorporated as if fully set forth herein.

31. Plaintiff brings this action as a class against Defendants pursuant to Rule 23 of the Federal Rules of Civil Procedure, individually and on behalf of a class consisting of: All persons similarly situated who were issued a parking citation by an employee of the Downtown Memphis Commission.

32. Upon information and belief, the putative class is comprised of more than 1,000

individuals, making joinder impractical. Disposition of this matter as a class action will provide substantial benefit and efficiency to the parties and the Court. Litigating this case as a class action will reduce the possibility of repetitious litigation relating to the Defendants' conduct.

33. Plaintiff is a member of the class and will fairly and adequately assert and protect the interests of the class. The interests of the Plaintiff are consistent with, and not antagonistic to, those of the other members of the class.

34. Plaintiff has retained attorneys who are experienced in class action litigation, and who will provide adequate representation.

35. Upon information and belief, all identities of the members of the class can be ascertained from the records and files of Defendants.

36. Common questions of law or fact as to Defendants' violation of their own municipal ordinances, Section 1983, and other actions that have caused and will continue to cause harm to the class predominate over any question affecting only individual members of the class.

37. The prosecution of separate actions by individual members of the class would create a risk of, among other things, the following:

    a. Inconsistent or varying adjudications with respect to individual members of the class; and

    b. Adjudication with respect to individual members of the class which would, as a practical matter, be dispositive of the interests of other members not parties to the adjudication or substantially impair or impede their ability to protect their interests.

38. The claims of the lead Plaintiff are typical of the claims of the class, and the class action method is appropriate for the fair and adequate prosecution of this case.

39. Individual litigation of claims which might be commenced by all class members would produce a multiplicity of cases such that the judicial system having jurisdiction of the claims would remain congested for years.

40. Class treatment, by contrast, provides manageable judicial treatment calculated to bring a rapid conclusion to litigation of all claims arising out of the conduct of Defendants.

41. The certification of a class would allow litigation of claims that, in the view of the expense of litigation, may be insufficient in amount to support separate claims.

42. Accordingly, Plaintiff brings this action on behalf of themselves and on behalf of all other members of the class defined as follows:

    All persons similarly situated who received parking tickets issues and written by employees of the Downtown Memphis Commission

43. Excluded from the class is any judge who may preside over this case.

44. Class certification is appropriate pursuant to Fed. R. Civ. P. 23(b)(1) and (3) due to predominating common questions of law and fact applicable to the class as a whole, and a class action is the superior method by which to adjudicate this controversy.

45. The expense and burden of litigation would substantially impair the ability of Class Members to pursue individual lawsuits in order to vindicate their rights. Absent a class action, the Defendants will retain the benefits of their wrongdoing, despite serious violations of federal and state law.

## IV. CAUSES OF ACTION

### A. 42 U.S.C. §1983 14th Amendment Claim

46. The allegations of Paragraphs 1-45 hereinabove are reiterated and incorporated as if fully set forth herein.

47. 42 U.S.C. §1983 provides "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]"

48. The Downtown Memphis Commission, its employees, the City of Memphis, and Shelby County, acting under color of law, subjected the Plaintiff and members of the class to deprivation of their rights under the Constitution of the United States to be secure in their property under the 14th Amendment.

### B. 42 U.S.C §1983 5th Amendment Claim

49. The allegations of Paragraphs 1-48 hereinabove are reiterated and incorporated as if fully set forth herein.

50. The 5th Amendment to the United States Constitution states "No person shall . . . . be deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation.

51. The Defendants, acting together, deprived Plaintiff, and members of the class, of their rights under the 5th Amendment to the United States Constitution by taking their property without due process of law or just compensation.

### C. Tenn. Const. Section 8 Claim

52. The allegations of Paragraphs 1-51 hereinabove are reiterated and incorporated as if fully set forth herein.

53. Section 8 of the Tennessee Constitution provides "That no man shall be taken or imprisoned, or disseized of his liberties or privileges, or outlawed, or exiled, or in any manner destroyed or deprived of his life, liberty or property, but by the judgment of his peers, or the law of the land."

54. The Defendants, acting together under color of law, deprived the Plaintiff and members of the class of the rights under Section 8 of the Tennessee Constitution.

### D. Tenn. Const. Section 21 Claim

55. The allegations of Paragraphs 1-54 hereinabove are reiterated and incorporated as if fully set forth herein.

56. Section 21 of the Tennessee Constitution states "That no man's particular services shall be demanded, or property taken, or applied to public use, without the consent of his representatives, or without just compensation being made therefore.

57. The Defendants, acting together, deprived Plaintiff, and members of the class, of their rights under Section 21 of the Tennessee Constitution by taking their property without due process of law or just compensation.

### PRAYER FOR RELIEF

Premises considered, the Plaintiff and members of the class pray:

    A. That the Defendants be required to answer the Complaint filed herein, upon their oath;

    B. That, pursuant to the enumerated counts of the Complaint, that the Plaintiff

and class members recover damages to be determined by the jury, including compensatory damages, actual damages, consequential damages, nominal damages, exemplary damages, pre- and post judgment interest at the highest applicable rates, out of pocket expenses, including but not limited to ticket fees, impound lot fees, lost wages from denied use of property, and all other damages naturally flowing from the improper acts as alleged herein, and other economic and noneconomic harm, cumulative damages, statutory damages, punitive damages, the costs of the action, and reasonable attorneys' fees, in an amount to be determined by a jury, and such other and further relief as the Court deems just and proper;

C. Plaintiff and class members seek all statutory attorneys' fees, costs, expenses and court costs in prosecuting this action;

D. Plaintiff and class members demand a jury to try the issues when joined; and

E. Plaintiff and class members reserve the right to amend this complaint and the facts contained herein as more information becomes available.

WHEREFORE, Plaintiff and the class request judgment in their favor against Defendants, jointly and severally, in an amount to be determined, plus costs, interest, and attorneys' fees, exemplary damages, punitive damages, declaratory and injunctive relief, and any other relief to which Plaintiff and the class is entitled.

Respectfully Submitted,

**WELLS, & ASSOCIATES, PLLC**

/s/ Murray B. Wells
MURRAY B. WELLS  (BPR# 21749)
CAROLINE R. GORDON (BPR# 35155)
Attorney for Plaintiffs
81 Monroe Avenue – Suite 400
Memphis, TN 38103
(901) 507-2521
(901) 507-1791 – Facsimile

John P. Pritchard (#10583)
Attorney for Plaintiffs
138 N. BB King Street
Memphis, TN 38103